IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MID-CONTINENT CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DON BRADY CONSTRUCTION COMPANY, INC., a corporation; APEX 3 CONSTRUCTION, INC., a corporation; ELIZABETH BRADY LINDLEY, an individual; ROBERT LINDLEY, an individual; DONALD BRADY, an individual; LINDA BRADY, an individual and JOHN C. COLLINS, an individual,<br><br>Defendants. | CIVIL ACTION NO. _____ |

**COMPLAINT FOR EXONERATION OF SURETY AND RELATED RELIEF**

**I.   PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, MID-CONTINENT CASUALTY COMPANY ("Mid-Continent") is a corporation organized and existing under the laws of the State of Ohio having its principal place of business in Tulsa, Oklahoma. At all times relevant hereto, Mid-Continent has been duly authorized, licensed and engaged in the insurance and bonding business in this judicial district.

2. Defendant, Don Brady Construction, Inc. ("DBC"), is a corporation organized and existing under the laws of the State of Alabama having its principal place of business in Mobile, Alabama. Defendant, APEX 3 Construction, Inc. ("APEX") is a

corporation organized and existing under the laws of the State of Alabama having its principal place of business in Mobile, Alabama.

3. The individual defendants are residents of Alabama, domiciled in Mobile, Alabama, all of whom are over the age of nineteen (19) years.

4. Jurisdiction exists by virtue of the diversity of citizenship among the parties pursuant to 28 U.S.C. Section 1332, and by virtue of the amount in controversy, which exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive interest and costs. Venue is proper in this judicial district inasmuch as the individual defendants are resident citizens hereof.

## II. FACTUAL ALLEGATIONS

5. At the request of defendant, DBC, Mid-Continent has previously issued a series of performance and payment bonds on behalf of DBC on various Federal construction projects in the Southeastern United States.

6. Prior to the issuance of the aforesaid bonds, the defendants, separately and severally, each executed a General Application and Agreement of Indemnity ("GAAI") in favor of Mid-Continent in which the defendants, their heirs, executors, administrators and assigns have promised to indemnify and keep indemnified Mid-Continent against any and all liability for losses and expenses of whatsoever kind or nature, including attorney's fees and expenses, which Mid-Continent may sustain or incur by reason of having issued

{B1258086}

any bonds on behalf of DBC, or by reason of the failure of the defendants to perform or comply with the conditions of the GAAI or in enforcing any of the conditions of the GAAI. A true and correct copy of the GAAI dated November 10, 2006 is attached hereto as Exhibit "A."

7. Mid-Continent has received notices of the following claims from various laborers and material suppliers under the payment bonds on aforementioned projects which to date total One Million Four Hundred Forty Seven Thousand Nine Hundred Thirty Three Dollars and 20/100 ($1,447,933.20):

| BOND NUMBER | OBLIGEE | PROJECT | CLAIMANT | AMOUNT |
|---|---|---|---|---|
| OMC-1005443 | USA FBI | FBI Academy, Quantico, VA | Horizon Construction Group, LLC | $312,811.80 |
| OMC-1005913 | USA FBI | FBI Building, Columbia, SC | Horizon Construction Group, LLC | $46,438.48 |
| OMC-1005919 | USA | Thomas G. Abernathy Fed Building (Phase 1 and 2) | Horizon Construction Group, LLC | $354,773.13 |
| OMC-1005919 | USA | Thomas G. Abernathy Fed Building (Phase 3) | | |
| OMC-1006259 | USA/FBI | FBI ERF Rooms, Pods B&C, Quantico, VA | Horizon Construction Group, LLC | $193,476.00 |
| | | | Cox Allen & Assoc. Architects | $22,683.82 |
| OMC-1005007 | USA/General Services Administration | Roof Replacement/Chiller Cooler Twr; | Jessie Bryant Roofing | $517,750.00 |

3

{B1258086}

|  |  | Atlanta, GA |  |  |
|---|---|---|---|---|
|  |  |  | T O T A L | $1,447,933.20 |

Mid-Continent has also been advised that certain of the obligees on the above-referenced projects may assert claims under the performance bonds Mid-Continent provided on DBC's behalf. It is presently estimated that losses under the bonded projects will exceed One Million Five Hundred Thousand Dollars and No/100 ($1,500,000.00), excluding attorney's fees, expenses and other costs.

8. In the GAAI dated November 10, 2006, the defendants, separately and severally, also agreed to collateralize any reserve established by Mid-Continent in anticipation of any losses under any bonds. Specifically, defendants have agreed as follows:

> 2. Reserve-Deposit.
>
> If for any reason the Surety shall deem it necessary to setup or to increase a reserve to cover any possible liability or loss for which the Undersigned will be obligated to indemnify the Surety under the terms of this Agreement, the Undersigned shall deposit with the Surety, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to the Surety for such liability or loss. The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement. Surety shall have no obligation to invest, or to provide a return on, the deposit. The Undersigned shall be entitled to the return of any unused portion of the deposit upon termination of the liability of the Surety on the Bonds and the performance by the Undersigned of all obligations to the Surety under the terms of this Agreement. The Surety's

{B1258086}

>demand shall be sufficient if sent by Registered or Certified Mail to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, whether or not actually received.

The defendants further agreed, upon the occurrence of an event of default as defined by the GAAI, to assign, transfer and convey to Mid-Continent all monies due or to become due to DBC under any bonded contract, including but not limited to, progress payments, deferred payments, retained percentages and compensation for extra work. In addition, the defendants agreed to cooperate in furnishing information as requested by Mid-Continent. Specifically, the defendants have promised as follows:

> 9. Right to Information.
>
>> The Undersigned will furnish to the Surety such information as it may request from time to time concerning the financial condition of the Undersigned, the status of work under any contract covered by a Bond, the condition of the performance of any such contract and the payment of obligations incurred in connection therewith. The Surety may at reasonable times and places and from time to time, examine and copy the books, records and accounts of the Undersigned.
>>
>> The Surety may obtain information concerning the affairs and operations of the Undersigned and any transaction between or among the Undersigned from any banks, depositories, obliges of the Bonds material men, supply houses, credit reporting agencies or other persons, who are hereby expressly authorized to furnish such information to the Surety.

> 9. Pursuant to the aforesaid provisions, and due to the pendency of the aforementioned claims, Mid-Continent has requested a deposit of collateral from the defendants in the amount of One Million Five Hundred Thousand Dollars and No/100

5

($1,500,00.00). Mid-Continent has also requested access to the defendants' books and records. The defendants have failed to collateralize Mid-Continent's reserves, refused to provide access to their books and records, chosen not to communicate with Mid-Continent despite repeated requests and otherwise defaulted and breached their obligations to Mid-Continent as specified in the GAAI.

10. Mid-Continent has recently been advised that APEX may be the successor-in-interest to, DBC and, assignee of, unbeknownst to and without the authorization of Mid-Continent, may be the entity actually performing work on certain of the bonded projects.

11. Based upon the foregoing facts and circumstances, and on its continuing investigation, Mid-Continent justifiably fears that the assets of the defendants are insufficient to provide for the exoneration and indemnification of Mid-Continent, and that, therefore, Mid-Continent will sustain further losses. In equity and good conscience, the assets of the defendants shall be marshaled and made available to ensure the discharge of the obligations of DBC and the individual indemnitors as specified in the GAAI. Mid-Continent offers to do equity and requests the assistance of this Court, exercising its equity powers, to require the specific performance of all obligations of the GAAI so as to provide for the exoneration and indemnification of Mid-Continent, its surety.

### III. CLAIMS FOR RELIEF

### COUNT I

**EXONERATION AND SPECIFIC PERFORMANCE**

12. Mid-Continent adopts and re-alleges all averments of the Complaint as if set forth in full herein.

13. By virtue of the laws governing the relationship of principal and surety, and by virtue of the express terms of the GAAI, and by virtue of the unresolved claims and demands asserted against Mid-Continent under the aforesaid bonds, Mid-Continent is entitled to immediate exoneration and is further entitled to specific performance of the terms of the GAAI.

WHEREFORE, PREMISES CONSIDERED, Mid-Continent respectfully requests that this Court will assume jurisdiction over this cause and will promptly ORDER, ADJUDGE and DECREE that the defendants, separately and severally, shall perform the following acts:

> (a) That the defendants immediately deposit with plaintiff such sums or other security or property as may be required to fully discharge and secure Mid-Continent from any anticipated losses and expenses, including legal fees incurred to date and which may be incurred hereafter, by virtue of its execution of the aforesaid bonds in an amount not less than One Million Five Hundred Thousand Dollars and No/100 ($1,500,000.00);

7

(b)   That the defendants, separately and severally, allow Mid-Continent full and immediate access to defendants' books, records and accounts within seven (7) days;

(c)   That the defendants, separately and severally, immediately execute any and all instruments and documents necessary to assign, convey and transfer any funds due or to become due to defendants under any contract bonded on DBC's behalf by Mid-Continent;

(d)   That the defendants, separately and severally, render a full and complete accounting to the Court and Mid-Continent as to any and all assets under control by them, or in which the defendants have any interest, or in which they have had an interest at any time during the past three (3) years, and to further provide Mid-Continent immediate access to all books and records which in any manner relate, refer or pertain to the financial affairs of said defendants;

(e)   That the defendants, separately and severally, immediately indemnify Mid-Continent with respect to any

costs, expenses, attorney's fees and all other loss which Mid-Continent has sustained to date, or which Mid-Continent may sustain in the future by virtue of the issuance of said bonds;

(f) That the defendants, separately and severally, be required to specifically perform all other obligations as specified in the GAAI so as to accomplish the exoneration and indemnification of Mid-Continent.

## COUNT II

### *QUIA TIMET* AND PRELIMINARY INJUNCTION

14. Mid-Continent adopts and re-avers all substantive allegations of the Complaint as if set forth in full herein.

15. By virtue of the remedies of exoneration and *quia timet*, and by virtue of the express terms of the GAAI, Mid-Continent requests the Court to enter and impose immediate equitable relief consisting of an Order:

(a) Enjoining and restraining the defendants, separately and severally, their agents, servants, employees, attorneys, assigns and all other persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing,

9

{B1258086}

transferring, or in any manner disposing of or dealing with any of their properties, whether real, personal, cash, land, securities or chattels, against which Mid-Continent would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an Order requiring defendants to specifically perform their obligations under the GAAI, and further, any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts receivable, inventories, motor vehicle records and all other business records in any form or nature whatsoever;

(b)  Requiring the defendants, separately and severally, to make an accounting within seven (7) calendar days to this Court in the form of a sworn affidavit as to the nature, extent and existence of any and all assets of said defendants, and as to the disposition of any and all assets possessed by said defendants or coming within their custody or control within the last one hundred and eighty (180) days next preceding the date of the Order of this Court;

{B1258086}

(c)   Requiring the defendants, separately and severally, to immediately execute any and all instruments and documents necessary to assign, convey and transfer any funds due or to become due to defendants under any contract bonded on DBC's behalf by Mid-Continent;

(d)   Marshaling and sequestering the assets and any contract balances of the defendants for purposes of exonerating the surety and retiring the debts of the principal to the bond obligees and claimants;

(e)   Ordering the defendants, separately and severally, to deposit with the surety assets or other securities sufficient to secure Mid-Continent from its anticipated losses; and

(f)   Such other relief as may be equitable under the circumstances.

16.   Plaintiff seeks injunctive relief on the grounds that:

11

{B1258086}

(a) Unless restrained by this Court, plaintiff justifiably fears the defendants may perform such acts sought by Mid-Continent to be prohibited;

(b) Such action by the defendants will result in irreparable harm, injury and loss to plaintiff in that the assets of the defendants, absent an injunction, could be expended for purposes other than retiring the principal's obligations to the bond obligees and claimants;

(c) The issuance of the requested injunctive relief will cause neither undue inconvenience nor hardship to the defendants, but will prevent irreparable harm to the plaintiff;

(d) The issuance of an Order will preserve assets available for the specific performance of the GAAI and is consistent with the remedies and relief available to the surety under the doctrines of exoneration and *quia timet.*

WHEREFORE, PREMISES CONSIDERED, Mid-Continent requests entry of injunctive and other equitable relief as aforesaid.

## COUNT III

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

17. Mid-Continent adopts and re-avers all substantive allegations of the Complaint as if set forth in full herein.

18. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Mid-Continent further moves and prays the Court for entry of a Temporary Restraining Order in the manner requested in Count II of this Complaint pending a hearing and determination of the issues in plaintiff's request for preliminary injunction.

19. Alternatively, Mid-Continent requests that this Court temporarily enjoin and restrain the defendants, separately and severally, and all others in active concert and participation with them, from making or attempting to make any transfer or conveyance of assets and from selling, conveying, mortgaging, encumbering or in any other substantive manner dealing with any of their assets or property, pending disposition of the issues set forth in plaintiff's request for preliminary injunction.

20. In support of this application, plaintiff shows unto the Court that unless enjoined and restrained, defendants will engage in conduct which would result in immediate and irreparable injury, loss and damage to the plaintiff before the defendants and their attorneys can be heard in opposition.

WHEREFORE, PREMISES CONSIDERED, Mid-Continent requests entry of a Temporary Restraining Order.

{B1258086}

                    s/Thomas L. Selden
                    THOMAS L. SELDEN
SELDT8928
Starnes Davis Florie LLP
Seventh Floor, 100 Brookwood Place
Birmingham, AL 35209
Telephone:   (205) 868-6000
Fax:             (205) 868-6099
E-Mail:  tls@starneslaw.com


s/Scott D. Stevens
SCOTT D. STEVENS
STEVS0320
Starnes Davis Florie LLP
RSA Battle House Tower, Suite 20290
P. O. Box 1548
Mobile, AL   36633-1548
Phone:  (251)  405-5065
E-mail:    sstevens@starneslaw.com


DEFENDANTS  TO BE SERVED BY PROCESS SERVER:

Don Brady Construction, Inc.
2090 Schillinger Road South, Suite 5
Mobile, AL 36695

APEX 3 Construction, Inc.
2090 Schillinger Road South, Suite 5
Mobile, AL 36695

Elizabeth Brady Lindley
8015 Saint Jude Circle North
Mobile, AL 36695

Robert Lindley
8015 Saint Jude Circle North
Mobile, AL 36695

Donald Brady
1044 Middle Ring Road
Mobile, AL 36608-4126

Linda Brady
1044 Middle Ring Road
Mobile, AL 36608-4126

John C. Collins
1050 Seven Hills Dr.
Mobile, AL 36695

15

{B1258086}