IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 11-00088-CG |
| DON BRADY CONSTRUCTION COMPANY, INC., a corporation, d/b/a APEX 3 CONSTRUCTION, INC., ELIZABETH BRADY LINDLEY, ROBERT LINDLEY, DONALD BRADY, LINDA BRADY, and JOHN C. COLLINS, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## TEMPORARY RESTRAINING ORDER

This matter having come before the Court on plaintiff's Application for Temporary Restraining Order, and the Court having set the matter for a hearing and being advised, after the parties[1] had met together in the courtroom prior to the hearing, that the parties had agreed to this Order being entered:

The Court finds that plaintiff will suffer irreparable injury in the absence of a Temporary Restraining Order, and that the equities favor the granting of an injunction, the plaintiff has shown a substantial likelihood of success on the merits, and that the public interest will not be disserved by the issuance of a Temporary Restraining Order.

It is therefore **ORDERED, ADJUDGED** and **DECREED** as follows:

---

1 All parties were present at the hearing except Elizabeth Brady Lindley, who reportedly is out of town, and Linda Brady who reportedly is incapacitated.

1. That the defendants, Don Brady Construction Company, Inc. ("DBC"), d/b/a Apex 3 Construction, Inc. ("Apex"), Elizabeth Brady Lindley, Donald Brady, Linda Brady and John C. Collins, separately and severally, and others in active concert and participation with them who receive actual notice of this Order, are hereby **ENJOINED** and **RESTRAINED** from conveying, selling, transferring or otherwise disposing of any of said defendants' assets, whether real, personal or hybrid, with the exception of transactions (a) having a value of Five Hundred Dollars ($500.00) or less, (b) mortgage obligations which may become due before the expiration of this Order, or (c) necessary in the ordinary course of business pending a further hearing and a determination of plaintiff's Application for a Preliminary Injunction.

2. A judicial lien is hereby imposed on all assets owned by the defendants or upon which said defendants have any interest, whether real, personal or mixed, said lien to continue pending final disposition of all claims under the subject bonds and the final disposition of this action.

3. The defendants, separately and severally, **SHALL** make an accounting to the Court within ten (10) days of the date of this Order in the form of a sworn affidavit as to the nature, extent and location of any and all assets of said defendants, and as to the disposition of any and all assets possessed by said defendants within their custody or control during the last one hundred eighty (180) days preceding the date of this Order.

4. The defendants, separately and severally, **SHALL** immediately execute any and all instruments and documents necessary to assign, convey and transfer any funds due or to become due to defendants under any contract bonded on DBC's behalf by Mid-Continent.

5. The defendants, separately and severally, **SHALL** provide to the Mid-Continent Casualty Company, within three (3) days, the following documents and information:

(a) An itemization of any and all assets currently owned and controlled by DBC, including any and all vehicles, computer equipment, tools, and other mobile equipment and inventory.

(b) An itemization of any and all assets currently owned and controlled by Apex, including any and all vehicles, computer equipment, tools, and other mobile equipment and inventory.

(c) Copies of all business records of DBC, including any and all documents which relate or pertain to any of the bonded projects.

(d) Copies of all business records of Apex, including any and all documents which relate or pertain to any of the bonded projects.

(e) A current list of accounts payable on all projects bonded by Mid-Continent, including documentation with respect to any defense, dispute or setoff which defendants contend exist with respect to any such account.

(f) A current financial statement reflecting any and all assets owned or controlled by Elizabeth Brady Lindley.

(g) A current financial statement reflecting any and all assets owned or controlled by Robert Lindley.

(h) A current financial statement reflecting any and all assets owned or controlled by Donald Brady.

(i) A current financial statement reflecting any and all assets owned or controlled by Linda Brady.

(j) A current financial statement reflecting any and all assets owned or controlled

by John C. Collins.

6. This Order **SHALL** become effective upon the posting of a bond by Mid-Continent Casualty Company without surety in the amount of Five Hundred Dollars ($500.00).

7. This Order **SHALL** expire fourteen (14) days hereafter, or at such time as defendants deposit funds or property with Mid-Continent Casualty Company, unless extended for good cause shown.

8. This cause is set for hearing on plaintiff's request for preliminary injunctive relief on **Friday, March 4, 2011 at 9:00 a.m**. in courtroom 2B, United States Courthouse, Mobile, Alabama.

9. Mid-Continent Casualty Company is further directed to serve a copy of this Order on defendants and their counsel.

**DONE** and **ORDERED** this 22nd day of February, 2011.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE