IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MID-CONTINENT CASUALTY, COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 11-0088-CG-C |
| DON BRADY CONSTRUCTION COMPANY, INC., et al., ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on plaintiff's motion for summary judgment (Docs. 64, 65), the motion of Don Brady Construction Company, Inc. ("Don Brady Construction") to strike the affidavit of Mike Dill (Doc. 80), Don Brady Construction's opposition to summary judgment (Doc. 81), and plaintiff's reply (Doc. 83). For reasons which will be further explained below, the court finds that Mike Dill's affidavit is admissible and may be considered by the court on summary judgment. The court further finds that plaintiff has sufficiently supported its claims in its motion for summary judgment and that Don Brady Construction has failed to raise a genuine issue of material fact. Accordingly, plaintiff's motion for summary judgment will be granted.

1

## **FACTS**

The defendants in this case each executed a General Application and Agreement of Indemnity ("GAAI") in favor of plaintiff in which the defendants promised to indemnify plaintiff against any and all liability for losses and expenses which plaintiff may sustain or incur by reason of having issued any bonds on behalf of Don Brady Construction or for the failure of the defendants to perform or comply with the conditions of the GAAI, or in enforcing any of the conditions of the GAAI. (Doc. 65-1, ¶ 3; Doc. 65-2, p. 1, ¶ 1). Plaintiff issued a series of performance and payment bonds on behalf of Don Brady Construction on various federal construction projects. (Doc. 65-1, ¶ 2). Pursuant to the terms of the GAAI, the defendants also agreed to collateralize any reserve established by plaintiff in anticipation of any loss under any bond issued on behalf of Don Brady Construction. Specifically, the defendants agreed as follows:

> If for any reason the Surety shall deem it necessary to setup or to increase a reserve to cover any possible liability or loss for which the Undersigned will be obligated to indemnify the Surety under the terms of the Agreement, the Undersigned shall deposit with the Surety, immediately upon demand, a sum of money equal to such reserve and any increase thereof as collateral security to the Surety for such liability or loss. The Surety shall have the right to use the deposit, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement. Surety shall have no obligation to invest, or to provide a return on, the deposit. The Undersigned shall be entitled to the return of any unused portion of the deposit upon termination of the liability of the Surety on the Bonds and the performance by the Undersigned of all obligations to the

2

> Surety under the terms of this Agreement. The Surety's demand shall be sufficient if sent by Registered or Certified Mail to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, whether or not actually received.

(Doc. 65-2, ¶ 2). The defendants further agreed, upon the occurrence of an event of default as defined by the GAAI, to assign, transfer and convey to plaintiff all monies due or to become due to Don Brady Construction under any bonded contract, including but not limited to progress payments, deferred payments, retained percentages and compensation for extra work. (Doc. 65-2, ¶ 5).

Plaintiff reports that it has received notice of claims for non-payment from laborers and material suppliers of Don Brady Construction on the above-referenced projects. Plaintiff believes that one or more of the claims may be meritorious and plaintiff intends to discharge any obligations which it may owe to the claimants in accordance with the requirements of its bonds and applicable law. (Doc. 65-1, ¶ 4). According to an affidavit sworn to by Mike Dill as Assistant Vice President for plaintiff, as of January 9, 2012, plaintiff has incurred losses in the amount of $523,683.82 in the performance of its obligations under the aforementioned bonds and has incurred legal, consulting and traveling expenses in the amount of $308,482.31. (Doc. 65-1, ¶ 5). Thus, plaintiff has reportedly suffered a total loss of $832,166.13. Additionally, Mr. Dill, declares that based upon its investigation, plaintiff has established a remaining loss and expenses reserve in the amount of

3

$872,499.33 in anticipation of further losses under the aforesaid bonds. (Doc. 65-1, ¶ 5).

Mr. Dill also reports that, in accordance with the provisions of the GAAI, it has previously requested that Don Brady Construction deposit collateral, money, or other security in the amount of its loss reserve pending final disposition of the claims and the Don Brady Construction has failed to honor this request and has otherwise refused to perform its obligations under the GAAI. (Doc. 65-1, ¶ 7).

## DISCUSSION

### A. Motion to Strike

Don Brady Construction moves to strike the affidavit of Mike Dill which was submitted by plaintiff in support of its motion for summary judgment.  Don Brady Construction contends that Mr. Dill's attestation to the amounts of losses and anticipated losses are conclusory statements without any supporting documentation and of which he has no personal knowledge.  As such, Don Brady Construction argues that the affidavit is inadmissible.  However, as plaintiff points out, Mr. Dill's affidavit states that he has personal knowledge of the matters and explains that he has been "primarily responsible for the administration of various claims which have arisen under bonds issued by Mid-Continent on behalf of Don Brady Construction Company, Inc." (Doc. 65-1, ¶ 1).  The amounts attested do not appear to be speculative or conjectural as Don Brady Construction contends, but are reportedly

4

based on Mr. Dill's administration of the claims made against the performance bonds issued pursuant to the GAAI.  The court notes that Don Brady Construction has not attacked Mr. Dill's qualifications or submitted any evidence or reason for the court to questioned his veracity.  There is no allegation that the affidavit is a fraud.

Moreover, "[a]s a matter of law, '[P]ersonal knowledge can come from review of the contents of [business] files and records.'" In re Trafford Distributing Center, Inc., 414 B.R. 858, 862 (Bkrtcy. S.D.Fla. 2009) (citing Washington Central Railroad Co., Inc. v. National Mediation Board, 830 F.Supp. 1343, 1353 (E.D.Wash. 1993) and Londrigan v. Federal Bureau of Investigation, 670 F.2d 1164, 1174–1175 (D.C. Cir. 1981).

> Pursuant to Federal Rule of Evidence 803(6), business records are admissible and employees who have knowledge of the procedures governing the creation and maintenance of such records can testify as to their contents. To interpret Rule 803(6) as requiring that affiants be permitted to testify only to those bits of information to which they, personally, have borne witness would be to turn Rule 803(6) on its head and would create numerous substantive proof problems, especially for large enterprises. Allowing evidence from employees who have reviewed business records is what keeps corporate entities from having to track down former employees every time a subpoena is served regarding some menial aspect of their respective prior work; more broadly, review of records is what keeps major national entities from having to locate and produce the employee who personally put a subject bill or document in the mail to a customer.

Id.  Evidence similar to Mr. Dill's affidavit is commonly held to be sufficient support for the amount owed under a contract. See e.g. Vision Bank v. Garrett Investments,

5

LLC, 2012 WL 628915, *2 (S.D.Ala. Feb. 27, 2012) (finding affidavit from Vice–President for Operations, attesting that the Note is in default, that demand has been made and setting forth the outstanding balance, was sufficient support for summary judgment) (citing Griffin v. American Bank, 628 So.2d 540, 543 n. 4 (Ala. 1993). Accordingly, the court finds that Mr. Dill's affidavit is admissible evidence that may be considered by the court on summary judgment.

**B. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252.  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving]

party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**C. Merits of Motion for Summary Judgment**

Don Brady Construction's sole basis for opposing summary judgment is its contention that plaintiff has failed to support its motion with admissible evidence regarding the amount due under the GAAI.  Don Brady Construction disputes the admissibility of Mr. Dill's affidavit and argues that facts should be construed in its favor and that a factual dispute is genuine if a reasonable jury could return a verdict for the non-moving party.  However, the court found above that Mr. Dill's affidavit was admissible and could be considered on summary judgment.  A copy of the GAAI was also submitted as support for plaintiff's summary judgment motion.  The affidavit from an officer of the plaintiff company attests to the existence of the GAAI, to the

8

relevant terms, to Don Brady Construction's failure to perform its obligations and to the amounts owed under the GAAI. Don Brady Construction has submitted nothing to undermine those assertions, and the court is aware of no independent reason to doubt the veracity of Mr. Dill's sworn statements. Don Brady Construction has completely failed to provide "specific facts showing that there is a genuine issue for trial." Hoffman v. Allied Corp., 912 F.2d 1379, 1383 (11th Cir. 1990). Don Brady Construction has not even suggested an alternative amount due. Don Brady Construction had ample opportunity during discovery to investigate the amounts owed and to question plaintiff's representatives. Discovery is now closed (Doc 47), and there is no evidence on the record to support facts different from those alleged by plaintiff in its motion for summary judgment.

Don Brady Construction does not contend that it did not enter into the GAAI, or that it is not in breach of the GAAI, nor has it alleged that the amounts due and owing, set forth in the affidavit and alleged in the motion for summary judgment, are incorrect. Put another way, there is no evidence (admissible or otherwise) tending to show that the amount due is anything other than the amount specified in plaintiff's motion for summary judgment and supported by Mr. Dill's affidavit. Don Brady Construction's opposition does not demonstrate fraud or show why any of the alleged facts are false or inaccurate. Accordingly, the court finds that summary judgment is due to be granted in favor of plaintiff.

## **CONCLUSION**

For the reasons stated above, the motion of Don Brady Construction Company, Inc. to strike the affidavit of Mike Dill (Doc. 80), is **DENIED** and the motion of Mid-Continent Casualty Company for summary judgment (Doc. 64), is **GRANTED.**

The court notes that the summary judgment motion is directed at Don Brady Construction Company, Inc. only and that claims remain against the other named defendants in this case.  However, the case is stayed as to four of the individual defendants, Elizabeth Brady Lindley, Robert Lindley, Donald Brady and John Collins who have all filed bankruptcy. (Docs. 22, 23, 25, 40, 41).  There is one individual defendant, Linda Brady, against whom claims remain active.  However, Linda Brady appeared pro se and notices from this court to Linda Brady have been returned as undeliverable. (Docs. 73, 74, 79, 85, 95).

The court finds that there is no just reason for delay in entering judgment against Don Brady Construction, Inc. and accordingly, the court will enter judgment against Don Brady Construction, Inc. by separate order.

However, this case is currently set for pretrial on May 14, 2012, and for trial in June 2012 and active claims remain against Linda Brady.  **Plaintiff** is hereby

**ORDERED** to inform this court, on or before **May 14, 2012,** whether it intends to pursue its claims against defendant, Linda Brady.

D**ONE and ORDERED** this 7th day of May, 2012.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE