IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 11-0088-CG-C |
| DON BRADY CONSTRUCTION COMPANY, INC., d/b/a APEX 3 CONSTRUCTION, INC., ELIZABETH BRADY LINDLEY, an individual; ROBERT LINDLEY, an individual; DONALD BRADY, an individual and JOHN C. COLLINS, an individual, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the plaintiff's response to court order and motion to dismiss remaining claims (Doc. 113).

Plaintiff's response to court order is **NOTED**, and the motion to dismiss its claims against Donald Brady and John C. Collins without prejudice is **GRANTED**. Therefore, the plaintiff's claims against said sole remaining defendants hereby are **DISMISSED** without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

This action was closed for statistical purposes on May 22, 2012 (Doc. 111) pending resolution of the bankruptcy cases as to defendants Donald Brady and John C. Collins.

As the plaintiff's claims against said defendants have now been dismissed, the clerk of court is directed to re-open this action, and submit a JS-6 to the

Administrative Office, indicating that this case is closed pursuant to a judgment entered by this court.[1]

It is further **ORDERED** that, although plaintiff submits that the preliminary injunction entered on March 4, 2011, should remain in full force and effect with respect to defendants Don Brady Construction, Inc., d/b/a APEX 3 Construction, Inc., Elizabeth Brady Lindley and Robert Lindley, said preliminary injunction is hereby **DISSOLVED**.[2]

**DONE and ORDERED** this 21st day of August, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Judgment was entered in favor of the plaintiff against Don Brady Construction Company, Inc. on May 7, 2012 (Doc. 102); plaintiff's claims against Linda Brady were dismissed with prejudice by order issued on May 14, 2012 (Doc. 107); and its claims against Robert Lindley & Elizabeth Lindley were dismissed without prejudice by Order issued on May 23, 2012 (Doc. 111).

[2] A preliminary injunction imposed according to the procedures outlined in Federal Rule of Civil Procedure 65 dissolves *ipso facto* when a final judgment is entered in the cause. *See Sweeney v. Hanley,* 126 F. 97, 99 (9th Cir.1903); *see also United States ex rel. Bergen v. Lawrence,* 848 F.2d 1502, 1512 (10th Cir.1988) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one. The preliminary injunction was by its very nature interlocutory, tentative and impermanent." (quoting *Madison Square Garden Boxing, Inc. v. Shavers,* 562 F.2d 141, 144 (2d Cir.1977))); *Fundicao Tupy S.A. v. United States,* 841 F.2d 1101, 1103 (Fed.Cir.1988) ("[A]lthough a preliminary injunction is usually not subject to a fixed time limitation, it is *ipso facto* dissolved by a dismissal of the complaint or the entry of a final decree in the cause.") (internal quotation marks omitted); *Cypress Barn, Inc. v. W. Elec. Co.,* 812 F.2d 1363, 1364 (11th Cir.1987); 11A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2947 (2005). This principle stems from the very purpose of a preliminary injunction, which is to preserve the status quo and the rights of the parties until a final judgment issues in the cause. *See Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *Sierra On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir.1984) ("A preliminary injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment.").
U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1093 -1094 (9th Cir. 2010)